12

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 06-3850

PATRIOT INTERNATIONAL TRUCKS, LLC,
Plaintiff

v.

JOHN E. ANDERSON, JR., JAMES E. ANDERSON, and
ANDCO, INC. d/b/a ANDERSON MOTORS, INC.,
Defendants

# MEMORANDUM OF DECISION AND ORDER ON APPLICATION FOR PRELIMINARY INJUNCTION

## 1) INTRODUCTION

The plaintiff, Patriot International Trucks, LLC, filed suit against the defendants, John E. Anderson, Jr. et al ("the Andersons" or "defendants"), seeking, inter alia, the return of $1.1 million withdrawn from the Patriot company account by the defendants when they were terminated as managers of the dealership. The defendants claim that they, rather than the plaintiff, own Patriot. The plaintiff has moved for a preliminary injunction, restraining the defendants from transferring the disputed funds and property, or representing to other commercial parties that they own the dealership. In their reply, the defendants move for a preliminary injunction, allowing the defendants to resume operation of the dealership, or in the alternative restraining the plaintiff from transferring ownership of the dealership.

For the following reasons, the plaintiff's Motion is **ALLOWED**, and the defendants' Motion is **DENIED**.

# EXHIBIT E

in Principle of August 2004 could be read to establish that the parties planned such an agreement. The Andersons also appear to argue that Kovach's alleged representations to John E. Anderson, Jr. transferred some interest in the dealership. However, the Andersons have not produced any document purporting to transfer any ownership of Patriot International Trucks, LLC to them. Under both the statute of frauds and Patriot's own Limited Liability Company agreement, a transfer of ownership must have been in writing and pursuant to certain forms. This Court therefore finds and rules that IDO, rather than the Andersons, is likely to succeed in showing ownership of Patriot.

The Andersons also argue that they may receive ownership of the dealership as specific performance in a judgment against Patriot for (as yet unfiled) counterclaims of fraud, breach of contract, promissory estoppel or the like. This Court does not reach the question of the likelihood of success of those claims, because, as discussed in the next section, the lack of injunction will not cause irreparable harm to the defendants.

In the alternative, the Andersons argue that they were dealers under G.L. 93B § 5, which allows a court to enjoin termination of a dealer by a manufacturer without proper notice. A dealer is defined in G.L. 93B § 1 as "any person who, in the ordinary course of its business, is engaged in the business of selling new motor vehicles to consumers or other end users pursuant to a franchise agreement and who has obtained a class 1 license pursuant to the provisions of section 58 and 59 of chapter 140."

The parties do not dispute that the only class 1 license issued for the dealership was in the name of Patriot, which also held the only written franchise agreement with ITEC. The Andersons argue essentially that they sold motor vehicles pursuant to an oral franchise agreement with ITEC, and that they vicariously obtained a class 1 license when Kovach asked Anderson to be President of Patriot. However, an appointed officer of a corporation is not personally granted

each license held by the corporation. The Andersons could therefore only be said to have obtained a class 1 license if they held some ownership of the dealership, which this Court has ruled unlikely.

In sum, the plaintiff is substantially likely to show that it retains possession of Patriot, and therefore to prevail on the merits of its claim for recovery of the funds and items taken from the dealership. The Andersons are not substantially likely to prevail in their claim for wrongful termination under G.L. 93B § 5.

**B. Potential for Irreparable Harm**

Injunctive relief may only be granted if the moving party will suffer irreparable harm in its absence. The plaintiff has requested that the Andersons be restrained from: 1) transferring the $1.1 million funds; 2) transferring or failing to return the items taken from the dealership; 3) using confidential information from the dealership, including ADP data; 4) representing to parties including ADP that they own the dealership; 5) failing to shut down the website claiming that they own the dealership; and 6) destroying any evidence relevant to the complaint. The defendants have requested either to be allowed to resume operation of the dealership, or that Patriot/IDO be restrained from transferring or encumbering the dealership.

The harm to Patriot/IDO would be irreparable if any of the injunctions were not granted. If the Andersons disposed of the $1.1 million funds, they would likely to unable to otherwise satisfy a judgment ordering the return of the funds. If the various items taken from the dealership were disposed of, it would be difficult or impossible to establish their value at trial. The damages from any use of confidential ADP data in unfair competition would likewise be difficult to quantify, as would the loss of goodwill or market recognition were the Andersons to continue to represent that they own the dealership.