**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

ANDCO, INC. d/b/a ANDERSON MOTORS,

Plaintiff,

v.

WORKHORSE CUSTOM CHASSIS, LLC and WORKHORSE SALES CORP.,

Defendants.

C.A. No.: 07-00159-T-LDA

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANTS' MOTION TO EXCEED PAGE LIMITS**

Defendants Workhorse Custom Chassis, LLC and Workhorse Sales Corporation (collectively "Workhorse") respectfully submit this memorandum of law in support of their motion, pursuant to this Court's Local Rule (7)(d)(3), to extend the page limits for Defendants' memorandum of law and exhibits in opposition to the Motion for a Preliminary Injunction filed by the Plaintiff Andco, Inc., d/b/a Anderson Motors ("ANDCO"). Workhorse seeks to extend the page limit for its memorandum of law from ten to twenty pages and to extend the page limit for exhibits from ten to sixty pages. As set forth in greater detail below, Workhorse intends to submit the bulk of its evidence in opposition to the preliminary injunction motion on paper – in the form of declarations or affidavits and exhibits that the Court can review in advance of the hearing – and to limit its presentation of live testimony. It requires relief from the page number limitations in

order to proceed in this manner, which it believes will be the most efficient use of judicial resources.

## BACKGROUND

ANDCO filed its Motion for a Preliminary Injunction to restrain Workhorse from terminating or non-renewing the Authorized Dealer Agreement ("Agreement") between ANDCO and Workhorse.[1] In support of its Motion for a Preliminary Injunction, ANDCO has filed (1) a 12-page verified complaint, in which it asserts several different legal theories and seeks nine different forms of relief; (2) 6 exhibits, including correspondence and only a portion of the parties' Agreement; and (3) a 16-page, 40-paragragh Affidavit of John E. Anderson, Jr. (Exhibit F to the Verified Complaint), in which Mr. Anderson makes a host of allegations and recitations in an effort to explain away, *inter alia*, his unauthorized conversion of $1.1 million dollars from a Massachusetts corporation.

## ARGUMENT

In order to adequately oppose ANDCO's Motion for a Preliminary Injunction and the voluminous papers submitted in support thereof, Workhorse must address each of ANDCO's various theories, and provide the Court with the evidence that will demonstrate that ANDCO cannot carry its burden of proof. The complexity of the various legal issues presented by the motion and the fact that the Court has specifically requested briefing on three of these issues will require briefing in excess of the ten pages allotted to the parties under the Court's Standard Scheduling Order. Workhorse believes

[1] ANDCO previously filed a motion for a temporary restraining order which was granted by the Court on May 15, 2007.

that an additional ten pages (for a total of twenty) will permit it to adequately address all the relevant issues and to present its arguments to the Court in a full and coherent manner.

Workhorse also requests a total of sixty pages for exhibits to its memorandum of law in opposition to ANDCO's Motion for a Preliminary Injunction in order to be able to present to the Court the majority of its evidence in opposition to the summary judgment motion. These additional pages are necessary to accommodate the submission of the several affidavits and/or declarations and exhibits that would otherwise be submitted through live witnesses at the hearing. In light of the fact that live witness testimony is inherently less efficient than the submission of sworn witness statements and exhibits, Workhorse believes that the extension of page limits is in the overall interest of judicial economy. It also has the salutary purpose of permitting the Court to review a significant portion of the evidence at issue in advance of the hearing and, thereby, possibly narrow the scope of the hearing or, at a minimum, focus the presentation of witness testimony and argument of counsel at the hearing on the issues where a genuine material dispute exists.

**CONCLUSION**

Based on the foregoing, Workhorse respectfully requests that it be allowed to submit a memorandum of law in opposition to ANDCO's Motion for a Preliminary Injunction totaling twenty pages, along with exhibits totaling sixty pages.

Dated: May 21, 2007

Respectfully submitted,

WORKHORSE CUSTOM CHASSIS LLC
and WORKHORSE SALES CORP.

/s/ James R. Oswald
James R. Oswald (#5727)
Geoffrey W. Millsom (#6483)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

Michael R. Levinson
Louis S. Chronowski
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5891
Fax: (312) 460-7891

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Memorandum of Law In Support of Defendant's Motion to Exceed Page Limits through the ECF system on the 21st day of May, 2007, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 07-00159-T-LDA and was sent by regular mail to the following counsel of record:

Joshua Teverow, Esq.
55 Pine Street
Providence, Rhode Island 02903

/s/ James R. Oswald

*418036_1.doc*