**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANDCO, INC. d/b/a ANDERSON MOTORS, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No.: 1:07-cv-00159-T-LDA |
| WORKHORSE CUSTOM CHASSIS, LLC and WORKHORSE SALES CORP., | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendants WORKHORSE CUSTOM CHASSIS, LLC and WORKHORSE SALES CORP. deny any and all liability, and answer the Plaintiff's Verified Complaint as follows:

**COMPLAINT ¶ 1:**

> Plaintiff, ANDCO, Inc. d/b/a Anderson Motors ("ANDCO"), is a Rhode Island corporation which serves as a licensed Rhode Island franchised automobile dealer for Workhorse brand trucks, whose shareholders are John Anderson, Sr., and Judith Anderson.

**ANSWER:**

Defendants admit that ANDCO is a Rhode Island corporation and a new motor vehicle dealer. Defendants deny that ANDCO serves as a licensed Rhode Island franchise for Workhorse brand trucks and parts or is an automobile dealer. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Verified Complaint.

**COMPLAINT ¶ 2:**

> Defendant, Workhorse Custom Chassis, LLC ("Workhorse") is a Rhode Island licensed truck manufacturer who serves as the franchisor for certain Workhorse brand trucks (see Rhode Island Manufacturer's License Application from Workhorse dated December 2006 attached hereto as Exhibit A hereto),

**ANSWER:**

Defendants admit the allegations of Paragraph 2 of the Verified Complaint.

**COMPLAINT ¶ 3:**

> The "Dealer Principal" of ANDCO under the relevant franchise agreement (the "Dealer Agreement") between Workhorse and ANDCO is John Anderson, Sr.

**ANSWER:**

Defendants admit the allegations of Paragraph 3 of the Verified Complaint.

**COMPLAINT ¶ 4:**

> Defendant Workhorse Sales Corp. ("Workhorse Sales") is a separate Rhode Island licensed truck manufacturer who serves as the franchisor for certain Workhorse brand trucks (see Rhode Island Manufacturer's license application from Workhorse Sales dated December 2006 attached as Exhibit B hereto).

**ANSWER:**

Defendants admit that Defendant Workhorse Sales Corp. is a licensed Distributor of motor vehicles under Rhode Island law. Defendants deny the remaining allegations of Paragraph 4 of the Verified Complaint.

**COMPLAINT ¶ 5:**

> ANDCO is listed by both Workhorse and Workhorse Sales as the franchised Rhode Island dealer for products of both of said manufacturers in the applications filed in December 2006 with the State of Rhode Island Division of Motor Vehicles (see Exhibits A and B above).

**ANSWER:**

Defendants admit the allegations of Paragraph 5 of the Verified Complaint.

**COMPLAINT ¶ 6:**

> Workhorse Sales is registered with the Rhode Island Secretary of State's office to do business in Rhode Island (see Exhibit C attached), but upon information and belief, Workhorse is not registered with the Rhode Island Secretary of State's office to do business in Rhode Island.

**ANSWER:**

Defendants admit the allegations of Paragraph 6 of the Verified Complaint.

**COMPLAINT ¶ 7:**

> For many years, ANDCO has served without incident as a licensed Rhode Island franchised automobile dealer for Workhorse brand trucks.

**ANSWER:**

Defendants deny the allegations of Paragraph 7 of the Verified Complaint.

**COMPLAINT ¶ 8:**

> In the beginning of February 2007, ANDCO received a termination notice letter (the "Termination Notice") from Bill Beach, Director of Dealer Operations for Workhorse, purporting to terminate ANDCO's Workhorse truck franchise as of May 5, 2007, based on an alleged violation by ANDCO of Section 8.4.6 of the Dealer Agreement between ANDCO and Workhorse (a copy of the Termination Notice is attached hereto as Exhibit D).

**ANSWER:**

Defendants admit that ANDCO received a non-renewal letter from Workhorse on or about February 1, 2007 because ANDCO violated Section 8.4.6 of the Dealer Agreement between ANDCO and Workhorse. Defendants deny the remaining allegations of Paragraph 8 of the Verified Complaint.

**COMPLAINT ¶ 9:**

> Section 8.4.6 of the Dealer Agreement between ANDCO and Workhorse, states that the dealer agrees not to "...engage in any illegal, deceptive, misleading, or unethical practices".

**ANSWER:**

Defendants admit that this paragraph accurately quotes a portion of Section 8.4.6 of the Dealer Agreement between ANDCO and Workhorse.

**COMPLAINT ¶ 10:**

> The Termination Notice did not state any alleged factual basis for the alleged violation by ANDCO of Section 8.4.6 of the Dealer Agreement between ANDCO and Workhorse.

**ANSWER:**

Defendants deny the allegations of Paragraph 10 of the Verified Complaint.

**COMPLAINT ¶ 11:**

> ANDCO has never received a franchise termination notice from Workhorse Sales, despite ANDCO having executed certain agreements with Workhorse Sales, and despite Workhorse Sales having listed ANDCO as a franchised dealer in Workhorse Sales' December 2006 manufacturer application filed with the State of Rhode Island Division of Motor Vehicles (see Exhibit B).

**ANSWER:**

Defendants deny the allegations of Paragraph 11 of the Verified Complaint.

**COMPLAINT ¶ 12:**

> Under Sections 12.3 (entitled "Material Breaches with Right to Cure") and 12.4 (entitled "Breaches Causing Immediate Termination") (both attached hereto as Exhibit E) of the relevant Dealer Agreement between ANDCO and Workhorse, Workhorse may terminate the Dealer Agreement without giving the dealer an opportunity to cure any alleged basis for franchise termination, only upon certain specified events, and for all other events which allegedly serve as a basis for franchise termination, the dealer must be given an opportunity to cure.

**ANSWER:**

Defendants state that Sections 12.3 and 12.4 speak for themselves. Defendants deny the remaining allegations of Paragraph 12 of the Verified Complaint.

**COMPLAINT ¶ 13:**

> A breach by a dealer of the dealer's obligations under Section 8.6.4 of the Dealer Agreement is not listed in Section 12.4 of the Dealer Agreement as an event entitling Workhorse to terminate the Dealer Agreement without notice and an opportunity to cure, and thus any termination notice to ANDCO under Section 8.6.4 must under the clear terms of the Dealer Agreement, allow for an opportunity to cure by ANDCO.

**ANSWER:**

Defendants state that Section 8.6.4 speaks for itself. Defendants deny the remaining allegations of Paragraph 13 of the Verified Complaint.

**COMPLAINT ¶ 14:**

> ANDCO has never been given notice by Workhorse of an opportunity to cure the alleged basis for the Termination Notice, and ANDCO has never in fact been given by Workhorse an opportunity to cure, both as required by the Dealer Agreement.

**ANSWER:**

Defendants deny the allegations of Paragraph 14 of the Verified Complaint.

**COMPLAINT ¶ 15:**

> ANDCO has never been advised of any alleged factual basis for the alleged violation by ANDCO of Section 8.4.6 of the Dealer Agreement between ANDCO and Workhorse, other than a vague verbal telephone call reference by Bill Beach when he was called by John E. Anderson, Jr. as Vice President of ANDCO after receipt of the Termination Notice, to the effect that the alleged franchise agreement violation concerned the business involvement of certain employees of ANDCO in an International/Navistar truck franchise in Massachusetts (the International/Navistar truck franchises, upon information and belief, have the same parent company as Workhorse and Workhorse Sales, as described in more detail below). During that telephone call Bill Beach confirmed that the alleged violation did not directly involve ANDCO's operation of the Workhorse franchise.

**ANSWER:**

Defendants deny the allegations of Paragraph 15 of the Verified Complaint.

**COMPLAINT ¶ 16:**

> The business involvement in an International/Navistar truck franchise in Massachusetts by certain employees of ANDCO, was in those persons' individual capacities and/or corporate capacities not related to ANDCO, and ANDCO has never been a party to any agreements related to the relevant International/Navistar truck franchise in Massachusetts.

**ANSWER:**

Defendants deny the allegations of Paragraph 16 of the Verified Complaint.

**COMPLAINT ¶ 17:**

> Upon information and belief, Workhorse is attempting to terminate ANDCO's Workhorse truck franchise based on alleged conduct by entities or persons other than ANDCO or its Dealer Principal (John Anderson, Sr.).

**ANSWER:**

Defendants deny the allegations of Paragraph 17 of the Verified Complaint.

**COMPLAINT ¶ 18:**

> In fact, the business involvement in an International/Navistar truck franchise in Massachusetts, was primarily by members of the Anderson family other than John Anderson, Sr., who is the "Dealer Principal" under the relevant franchise agreement between Workhorse and ANDCO.

**ANSWER:**

Defendants deny the allegations of Paragraph 18 of the Verified Complaint.

**COMPLAINT ¶ 19:**

> The specific conduct engaged in Massachusetts by certain employees of ANDCO in Massachusetts in their individual capacities, would not constitute a violation of the Workhorse franchise agreement even if the conduct was conducted by or was attributable to ANDCO, and certainly not when in fact that conduct was not conducted by and is not attributable to ANDCO. The conduct in Massachusetts in question is summarized in Paragraphs 20 through 22 below and the Affidavit referenced below and attached hereto.

**ANSWER:**

Defendants deny the allegations of Paragraph 19 of the Verified Complaint.

**COMPLAINT ¶ 20:**

International Truck and Engine Corporation ("ITEC") is a manufacturer and distributor of trucks and engines under the trade names "International" and "Navistar".

**ANSWER:**

Defendants admit the allegations of Paragraph 20 of the Verified Complaint.

**COMPLAINT ¶ 21:**

Upon information and belief, ITEC is owned by the same parent company or holding company that owns Workhorse and Workhorse Sales.

**ANSWER:**

Defendants deny the allegations of Paragraph 21 of the Verified Complaint.

**COMPLAINT ¶ 22:**

Certain employees of ANDCO (but not ANDCO itself) have been involved in business dealings with ITEC in a truck dealership in Massachusetts which sells International and Navistar brand trucks (see Affidavit of John E. Anderson, Jr. attached hereto as Exhibit F, which explains in some detail those business dealings in Massachusetts, and which specifically discusses the good faith basis for the deposit of certain funds from the Massachusetts dealership into ANDCO's account and immediately thereafter into an attorney escrow account, which deposit upon information and belief may be the alleged basis for the Termination Notice).

**ANSWER:**

Defendants deny the allegations of Paragraph 22 of the Verified Complaint.

**COMPLAINT ¶ 23:**

ANDCO is aware of no other possible factual basis for an alleged breach by ANDCO of the Workhorse franchise agreement, other than the general factual background outlined above and in Exhibit F, which factual background clearly shows that ANDCO did not engage in any conduct vis-à-vis Workhorse which should serve as a basis for a termination of ANDCO's Workhorse franchise agreement.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Verified Complaint.

**COMPLAINT ¶ 24:**

> To the extent the factual basis for the alleged breach by ANDCO of the Workhorse franchise agreement relates to the deposit of the funds from the Massachusetts dealership into an ANDCO account as described in the Affidavit attached hereto as Exhibit F, it is important to note that the deposit in question took place on October 3, 2006, and ITEC was aware of the deposit after being informed about it by John E. Anderson, Jr. on October 4, 2006, some four (4) months prior to the Termination Notice being sent, and as a related company to ITEC, it is reasonable to assume that Workhorse was aware of the deposit at or about the same time that ITEC was aware of the deposit.

**ANSWER:**

Defendants deny the allegations of Paragraph 24 of the Verified Complaint.

**COMPLAINT ¶ 25:**

> The four (4) months delay in Workhorse sending the Termination Notice to ANDCO after Workhorse upon information and belief had full knowledge of the facts that allegedly serve as a basis for the franchise termination, has prejudiced ANDCO, and undercuts the "good faith" of Workhorse's Termination Notice, especially because during said four (4) month period, Workhorse continued to do "business as usual" with ANDCO, and even offered new Workhorse product lines to ANDCO during said four (4) month period.

**ANSWER:**

Defendants deny the allegations of Paragraph 25 of the Verified Complaint.

**COMPLAINT ¶ 26:**

> R.I.G.L. 31-5.1-1 et seq. ("The Dealer Protection Law") delineates in great detail the requirements that an automotive manufacturer like Workhorse must meet in order to legally terminate the franchise of a truck dealer, like ANDCO.

**ANSWER:**

Defendants state that R.I.G.L. 31-5.1-1 et seq. speaks for itself. Defendants deny the remaining allegations of Paragraph 26 of the Verified Complaint.

**COMPLAINT ¶ 27:**

> Under R.I.G.L. 31-5.1-4(d), a manufacturer like Workhorse cannot terminate the truck franchise of a dealer like ANDCO, notwithstanding the terms and conditions of the relevant franchise agreement, unless the manufacturer has (quoting the statute):
>
> (i) Satisfied the notice requirement of subdivision (5) of this subsection;
>
> (ii) Has good cause for the cancellation, termination, or non-renewal;
>
> (iii) Has not committed any violations set forth in subsection (b) of this section; and
>
> (iv) Has acted in good faith as defined in this chapter, and has complied with all provisions of this chapter.

**ANSWER:**

Defendants state that R.I.G.L. 31-5.1-1 et seq. speaks for itself. Defendants deny the remaining allegations of Paragraph 27 of the Verified Complaint.

**COMPLAINT ¶ 28:**

> Under R.I.G.L. 31-5.1-4(d)(4), "The manufacturer shall have the burden of proof for showing that the notice requirements have been complied with, that there was good cause for the franchise termination, cancellation, or non-renewal, and that the manufacturer has acted in good faith".

**ANSWER:**

Defendants state that R.I.G.L. 31-5.1-1 et seq. speaks for itself. Defendants deny the remaining allegations of Paragraph 28 of the Verified Complaint.

**COMPLAINT ¶ 29:**

> Under R.I.G.L. 31-5.1-4(d)(4), any franchise termination shall contain the following:
>
> (A) A statement of intention to terminate, cancel, or not to renew the franchise;
>
> (B) A statement of the reasons for the termination, cancellation, or non-renewal; and
>
> (C) The date on which the termination, cancellation, or non-renewal shall take effect.

**ANSWER:**

Defendants state that R.I.G.L. 31-5.1-1 et seq. speaks for itself. Defendants deny the remaining allegations of Paragraph 29 of the Verified Complaint.

**COMPLAINT ¶ 30:**

> The Termination from Workhorse to ANDCO does not satisfy the requirements of R.I.G.L. 31-5.1-(d)(4) in that there exists no good cause as required by the Dealer Protection Law for the termination of ANDCO's Workhorse truck franchise.

**ANSWER:**

Defendants deny the allegations of Paragraph 30 of the Verified Complaint.

**COMPLAINT ¶ 31:**

> The Termination Notice from Workhorse to ANDCO does not satisfy the requirements of 31-5.1-4(d) in that ANDCO has never been given the reasons for the termination as required by the statute, with Workhorse simply stating in its Termination Notice a vague reference to Section 8.4.6 of the relevant Dealer Agreement, which Section simply lists "illegal, deceptive, misleading, or unethical practices" as something a dealer agrees not to do.

**ANSWER:**

Defendants deny the allegations of Paragraph 31 of the Verified Complaint.

**COMPLAINT ¶ 32:**

> Under R.I.G.L. 31-5.1-13 and R.I.G.L. 31-5.1-4(b)(6), inter alia, this Court is empowered to issue an Injunction to protect ANDCO from the unlawful termination of its Workhorse truck franchise by Workhorse, notwithstanding the terms and conditions of the Dealer Agreement (Section 16.11 of the Workhorse "Authorized Dealer Agreement" and Section 3.17 of the Workhorse "Terms of Sale Bulletin No. 99-1A") which purport to mandate that controversies under the Dealer Agreement be determined by binding Arbitration in Indiana, on the basis that the injunctive relief requested is more appropriate for a judicial determination (the Dealer Agreement provides for Workhorse's ability to obtain judicial injunctive relief against ANDCO notwithstanding the arbitration provision), and on the basis that Section 16.10 of the Dealer Agreement specifically allows for applicable State law to supercede the Dealer Agreement.

**ANSWER:**

Defendants state that R.I.G.L. 31-5.1-1 et seq. speaks for itself. Defendants deny the remaining allegations of Paragraph 32 of the Verified Complaint.

**COMPLAINT ¶ 33:**

> The State law which supercedes the Dealer Agreement includes R.I.G.L. 31-5.1-13, which states that "...any dealer may bring a civil action in the superior court to enjoin further violations, and to recover the actual damages sustained by that person together with the costs of the suit, including a reasonable attorney's fee", and R.I.G.L. 31-5.1-4(b)(6), which states that Workhorse may not "…require any controversy between a new motor vehicle dealer and a manufacturer, distributor, or representative to be referred to any person other than the duly constituted courts of this state or of the United States of America...if that referral would be binding upon the new motor vehicle dealer".

**ANSWER:**

Defendants state that R.I.G.L. 31-5.1-1 et seq. speaks for itself. Defendants deny the remaining allegations of Paragraph 33 of the Verified Complaint.

**COMPLAINT ¶ 34:**

> ANDCO has unsuccessfully attempted up until the filing of this Complaint to negotiate the withdrawal by Workhorse of the Termination Notice, and ANDCO has only succeeded in negotiating an extension of the effective date of the franchise termination from May 5, 2007, until May 11, 2007.

**ANSWER:**

Defendants admit that Defendant Workhorse Custom Chassis LLC agreed to extend the non-renewal date of the agreement to May 11, 2007. Defendants deny the remaining allegations of Paragraph 34 of the Verified Complaint.

**COMPLAINT ¶ 35:**

> If this Court does not temporarily, preliminary, and permanently restrain and enjoin the termination of ANDCO's Workhorse truck franchise, ANDCO will suffer irreparable harm, and damages that could not possibly be measured, e.g., ANDCO would lose immeasurable sales of Workhorse new trucks, ANCDO [sic] would loose [sic] immeasurable sales of Workhorse factory parts and accessories, ANDCO would lose immeasurable Workhorse authorized warranty and non-

warranty service business, and ANDCO's goodwill and reputation would be irreparably damaged.

**ANSWER:**

Defendants deny the allegations of Paragraph 35 of the Verified Complaint.

**COMPLAINT ¶ 36:**

Under R.I.G.L. 31-5.1-13(b), ANDCO is entitled to reasonable civil damages and attorneys fees for any loss sustained as a result of a violation of the Dealer Protection Law by Workhorse.

**ANSWER:**

Defendants deny the allegations of Paragraph 36 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

1. The Verified Complaint fails to state a claim upon which relief may be granted.

2. The Verified Complaint is barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel, and/or unclean hands.

WHEREFORE, Workhorse requests judgment:

a. In favor of Workhorse on all counts in Plaintiff's Verified Complaint;

b. Declaring the Dealership Agreement to be nonrenewed and cancelled;

c. Awarding Workhorse its costs and attorneys' fees; and

d. Providing such other and further relief this Court deems just and proper.

Dated: June 11, 2007

Respectfully submitted,

WORKHORSE CUSTOM CHASSIS LLC
and WORKHORSE SALES CORP.

/s/ Geoffrey W. Millsom

Geoffrey W. Millsom (#6483)
James R. Oswald (#5727)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

Michael R. Levinson
Louis S. Chronowski
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5891
Fax: (312) 460-7891

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Defendants' Answer To Plaintiff's Verified Complaint through the ECF system on the 11th day of June, 2007, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 07-00159-T-LDA.

/s/ Geoffrey W. Millsom