UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANDCO, INC.,
Plaintiff

vs. CIVIL ACTION NO. 07-159T

WORKHORSE CUSTOM CHASSIS, LLC,
ET AL.,
Defendants

PRETRIAL ORDER - NONJURY CASE

1. Pretrial Filings. On or before **April 30th, 2008**, each party shall file a Pretrial Memorandum, and any proposed voir dire questions as described in paragraphs 2-3.

At the time of this case's Calendar Call, each party shall submit to the Court a Witness List, an Exhibit List, an Exhibit Book and proposed Jury Instructions as described in paragraphs 4-6.

Failure to submit any pretrial filing on or before the due date may result in the imposition of sanctions and/or the exclusion of any evidence that should have been disclosed in a timely submission.

2. Pretrial Memorandum. The Pretrial Memorandum shall not exceed 25 pages in length and shall consist of the following sections:

A. Parties - a list of all parties and their trial counsel.

B. Facts - a concise recitation of the relevant facts.

C. Claims and Defenses - a brief statement of each claim for relief and/or defense asserted by the party filing the Memorandum. <u>Any claim or defense not included shall be deemed waived</u>.

D. Damages - a brief and specific description of the nature, extent and amount of all damages claimed by the party filing the Memorandum.

E. Issues - a numbered list of the factual and legal issues (including any anticipated evidentiary questions) that must be resolved in order to adjudicate the case.

F. Arguments - a concise statement of the argument made in support of each claim and/or defense described in paragraph 2C together with citations to the authorities relied upon. Copies of any statutes, opinions, or other authorities cited shall be submitted with the Memorandum.

G. Pending Matters - a list and description of any motions and any matters that counsel believe ought to be considered by the Court prior to trial.

H. Estimated time of trial - Counsel's precise estimate of the time required to present his or her evidence and the time required to litigate the entire case.

3. Witness and Exhibit List. The following witness and exhibit lists shall be submitted:

A. Witnesses List - a list of all witnesses whose testimony the party filing the list intends to present at trial (indicating whether such testimony will be live or by way of deposition).

B. Exhibit List - A list of all exhibits that the party filing the Supplement intends to offer at trial. The list should sufficiently describe the exhibit and include the date on which it was created. In addition, 1-2 lines of space should be provided between each exhibit to permit the Court to make brief notes with respect to the exhibit. The following format is illustrative:

| **Identification** | **Full** | **Exhibit Number** | **Description of Exhibit** |
|---|---|---|---|
| | | 1 | 3/22/96 letter from John Doe to Mary Smith |
| | | 2 | 7/10/96 purchase agreement between X Corp. and Richard Roe |
| | | 3 | 9/1/96 photo of 101 Elm St. |

Before submitting their respective lists, counsel should confer to eliminate duplication (i.e.,

exhibits that appear on both lists) to the maximum extent possible.

Failure to timely file a witness list and/or exhibit list or to include a witness or exhibit may be grounds for sanctions or excluding from evidence the witness or exhibit not disclosed.

4. Exhibit Book. A party's Exhibit Book shall consist of copies of those documents and/or photographs set forth on its exhibit list that the party intends to offer at trial. Said copies shall be arranged in order in one or more three-ring binders and shall be separated by tabs bearing labels corresponding to each exhibit's designation (e.g., Ex. A, Ex. B, etc.). The exhibit designations shall correspond to those on the Exhibit List furnished to the Court and to the pre-markings on the original documents and photographs that will be offered as evidence.

Plaintiff's exhibits shall be marked numerically; and, in the case of groupings of related exhibits, they shall be marked with a number and a letter (e.g. 1A, 1B, 1C).

Defendant's exhibits shall be marked alphabetically; and groupings of related exhibits shall be marked with a letter and a number (e.g. A1, A2, A3). After the letters of the alphabet have been exhausted, Defendant's exhibits shall be marked with double letter designations (e.g. AA, BB, CC).

5. Trial. This case shall be in order for trial at any time after the date fixed for filing pretrial memoranda. Once the case is placed on the Court's trial calendar, counsel should be prepared to proceed upon 24 hours notice. It is the duty of counsel to maintain contact with the calendar clerk to ascertain the status of the case from time to time.

6. Use of Recorded Testimony or Evidence at Trial. Counsel for any party proposing to read or play, during trial, evidence that has been previously recorded (e.g. depositions, tape recorded conversations) shall comply with the requirements of LR Cv. 39(b).

BY ORDER,

/s/Ryan H. Jackson

_______________________________
Deputy Clerk

ENTER:

/s/Ernest C. Torres

_____________________________
Ernest C. Torres
Senior U.S. District Judge
Date: 3/24/2008

pretrial order non jury case
December 16, 2005